**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mara Finch, | No. CV-25-04247-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Block Incorporated, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Mara Finch's Reply to Defendants [sic] Motion to Dissmiss [sic] (Doc. 45). While captioned a "reply," Plaintiff's filing is effectively a sur-reply to Defendant Block, Inc.'s Reply in Support of Its Motion to Dismiss (Doc. 44.)

No party is permitted to file a sur-reply unless that party is granted leave and "valid reasons for such additional briefing exists." *Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 U.S. Dist. LEXIS 57926, at *24 (D. Ariz. Apr. 2, 2020). Here, the Court expressly restricted Plaintiff's ability to file documents except for, *inter alia*, "**one** motion for leave to file a sur-reply." (Doc. 43 at 2 (emphasis in original.) Despite the clear parameters set by this Court, Plaintiff did not request leave before filing her Sur-Reply. Plaintiff's failure to seek leave is sufficient grounds to strike her Sur-Reply. *See Williams v. City of Tempe*, No. CV-17-02161-PHX-SMB, 2019 U.S. Dist. LEXIS 112129, at *7–8 (D. Ariz. July 3, 2019), *aff'd sub nom. Williams v. Albertsons Companies LLC*, 822 F. App'x 579 (9th Cir. 2020); *see also, e.g.*, *Silvas v. GMAC Mortg., LLC*, No. CV-09-00265-PHX-GMS, 2009 U.S. Dist. LEXIS 118854, at *7–8 (D. Ariz. Dec. 1, 2009), *as amended*

(Jan. 5, 2010) (striking surreply where nothing therein "could be construed as a motion for leave to file a surreply").

Plaintiff also presents no extraordinary circumstances warranting the filing of her Sur-Reply. *See Fitzhugh*, 2020 U.S. Dist. LEXIS 57926, at *24 (noting "sur-replies are highly disfavored and permitted only in extraordinary circumstances" and "discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists" (citations and quotation marks omitted)). In fact, Plaintiff's Sur-Reply purports to "correct" her responsive briefing and makes essentially the same arguments she did before. (*See* Doc. 45 at 2.) This is precisely the kind of superfluous motion practice that the Federal Rules of Civil Procedure and Local Rules prohibit. These Rules are deliberate and provide an intentional, tripartite process for parties to present their arguments to a court. First, a party files a motion setting forth all their arguments. Second, the opposing party responds to those arguments raised in the motion. Third, the party that originally brought the motion may reply to the arguments raised in response. Absent extraordinary circumstances, this is the end of motion practice. Otherwise, litigation would become an endless Sisyphean task. The Court will therefore strike Plaintiff's filing.

**IT IS ORDERED** striking Plaintiff's Reply to Defendants [sic] Motion to Dissmiss [sic] (Doc. 45).

Dated this 1st day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge

- 2 -