**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mara Finch,<br><br>        Plaintiff,<br><br>v.<br><br>Block Incorporated, *et al.*,<br><br>        Defendants. | No. CV-25-04247-PHX-JJT<br><br>**ORDER** |

      For the third time in less than one month, *pro se* Plaintiff Mara Finch defies this Court's Order. She recently filed her Consolidated Reply in Support of Motion to Strike and to McDonalds Reply in Support of Its Motion to Dismiss ("Consolidated Reply") (Doc. 51). This filing must be considered in context of Plaintiff's battery of filings that twice necessitated the Court's admonishment. To start, Plaintiff improperly filed numerous "supplements" and "notices" that triggered the Court to warn Plaintiff that it would restrict her ability to file documents should she proceed to file frivolously (Doc. 29). Plaintiff took no heed and promptly filed four inappropriate documents (*see* Docs. 30, 34, 41, 42). The Court dispensed with those documents and restricted Plaintiff's ability to file any document except for reply memoranda in support of her then-pending motions or motions for leave to file sur-replies to Defendants' separate motions to dismiss. (Doc. 43.)

      The very next day, Plaintiff violated the Court's order and filed a sur-reply to Defendant Block Inc.'s Motion to Dismiss without leave of court and under no extraordinary circumstances. (Doc. 46.) In its Order, the Court expounded that the three-

1  step briefing process permitted by the Federal Rules of Civil Procedure and Local Rules
2  disfavors sur-replies absent extraordinary circumstances. (*Id*.)

3  In filing her Consolidated Reply, Plaintiff once again fails to abide by the Court's
4  directives. The Consolidated Reply contains four sections. In the first, Plaintiff explains
5  that she lives with "documented disabilities . . . affecting her ability to process procedural
6  rules and electronic notices under stress." (Consol. Reply at 1.) While the Court appreciates
7  that navigating the legal system may overwhelm any *pro se* litigant with or without
8  disabilities, the rules and orders of this Court apply with equal force to Plaintiff as they do
9  to any party before it. The Court has already extended great leniency to Plaintiff after she
10 twice violated its Orders (Docs. 43, 46), but leniency has its limits.

11 In the second section of Plaintiff's Consolidated Reply, she argues that the Court
12 should disregard Defendant McDonalds' Reply to Plaintiff's Opposition to Defendant
13 McDonalds USA, LLC's Motion to Dismiss (Doc. 48) because it was filed untimely.
14 (Consol. Reply at 2.) Plaintiff accurately describes Local Rule 7.2(d)'s time limitation for
15 reply memoranda and persuasively argues that Defendant McDonalds filed nothing to
16 extend the deadline or justify its three-day-late reply. (Consol. Reply at 2.) The Court will
17 consider Plaintiff's untimeliness argument when it resolves McDonalds' Motion to
18 Dismiss at a later date. The Court notes that Plaintiff's precise application of the Local
19 Rules in this instance severely undercuts her self-proclaimed inability to "process
20 procedural rules."

21 The third section of Plaintiff's Consolidated Reply disputes Defendant McDonalds'
22 two-dismissal argument made in its reply in support of its Motion to Dismiss (Doc. 48).
23 This section can only be construed as a sur-reply. Once again, Plaintiff files this sur-reply
24 without leave of court and provides no extraordinary circumstances justifying it.
25 Accordingly, the Court declines to consider any portion of the third section of Plaintiff's
26 Consolidated Reply.

27 Finally, the fourth section of the Consolidated Reply contains Plaintiff's arguments
28 in support of striking Defendant McDonalds' meet-and-confer certificate. (Consol. Reply

at 2.) The Court construes this section as Plaintiff's reply in support of her pending Motion to Strike. Effectively, this is the *only* section of the Consolidated Reply that Plaintiff was permitted to file by order of this Court. (*See* Doc. 43.)

Plaintiff shall not file any motions, notices, supplements, declarations, exhibits, or other documents in this matter until further order of this Court **unless it is one of the following**: (1) one reply memorandum in support of Plaintiff's Motion for Remand (Doc. 11); or (2) one reply memorandum in support of Plaintiff's Motion to Stay (Doc. 33). These two reply memoranda need not be filed in a consolidated fashion; rather, they can be filed in two separate docket entries. However, should Plaintiff seek to include any declarations, exhibits, or other documents in support of her reply memoranda, the Court prefers that Plaintiff include those documents as attachments to the corresponding memoranda so that each memorandum and its supporting files are located on one single docket entry. Doing so ensures a sensible structure for this escalating docket.

This Order represents the Court's third admonishment of Plaintiff. Should Plaintiff violate any part of the Court's Orders a fourth time, the Court will set a hearing in which Plaintiff shall appear and show cause why she should not be sanctioned. The Court will take no joy in doing so and strongly encourages Plaintiff to marshal her fervent advocacy efforts within the parameters of the Rules and Orders with which she demonstrates a growingly keen familiarity.

**IT IS THEREFORE ORDERED** that Plaintiff shall not file any motions, notices, supplements, declarations, exhibits, or other documents in this matter until further order of this Court unless it is one of the following: (1) one reply memorandum in support of Plaintiff's Motion for Remand (Doc. 11); or (2) one reply memorandum in support of Plaintiff's Motion to Stay (Doc. 33). These two reply memoranda need not be filed in a consolidated fashion; rather, they can be filed in two separate docket entries.

Dated this 8th day of December, 2025.

Honorable John J. Tuchi
United States District Judge