**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Mara Finch,

        Plaintiff,

v.

Block Incorporated, *et al.*,

        Defendants.

No. CV-25-04247-PHX-JJT

**ORDER**

Before the Court is Defendant McDonalds USA, LLC's Motion for Reconsideration (Doc. 63) and Defendant Block Inc.'s Motion to Stay Responsive Pleading Deadline, or in the Alternative, For an Initial Extension of Time to File Responsive Pleading (First Request) (Doc. 64), with which McDonald's joined (Doc. 65). The Court will deny the Motion for Reconsideration and grant in part and deny in part the Motion to Stay.

In its Order dated February 4, 2026, the Court found that Rule 41(a)(B)(1) ("two-dismissal rule") treats the voluntary dismissal of Plaintiff's second state court action as an adjudication on the merits. (Doc. 61 at 14.) Still, the Court declined to dismiss Plaintiff's claims under the claim preclusion doctrine. Pursuant to Local Rule 7.2(g), McDonald's moves the Court to reconsider this portion of the Order as a manifest error. (*See* Doc. 63 at 1.) *See* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error . . .").

McDonald's contends that dismissal was mandatory once the Court found that the two-dismissal rule applied. (Doc. 63 at 4–5.) Had the satisfaction of the two-dismissal rule

been all that was required to dismiss Plaintiff's claims, the Court's inquiry would have ended there. The Court is not so myopic. Rather, it addressed the whole of the claim preclusion doctrine, of which the two-dismissal rule is a mere part. *Olewin v. Nobel Mfg., LLC*, 523 P.3d 413, 420 (Ariz. App. 2023) (noting that the two-dismissal rule is "narrower" than the claim preclusion defense). It is upon the broader claim preclusion doctrine—not the two-dismissal rule—that this Court found it improper to preclude all of Plaintiff's claims.

The judicially created claim preclusion doctrine is ordinarily "restrictive" and "illiberal toward the opportunity for relitigation." Restat. 2d of Judgments[1] § Scope. Claim preclusion promotes "(1) finality in litigation; (2) the prevention of harassment; [and] (3) efficiency in the use of the courts." *Circle K Corp. v. Indus. Comm'n*, 880 P.2d 642, 646 (Ariz. App. 1993). At its core, claim preclusion is "[a] convention designed to compensate for man's incomplete knowledge and strong tendency to quarrel." Restat. 2d of Judgments § Scope. The severity of this convention has the potential to work a great injustice to litigants "if the initial engagement of the merits was inadequate." *Id*. Therefore, the doctrine "must provide some leeway for reexamination of judgments. Doing so is a matter not only of fairness but also of efficiency." *Id*. Arizona courts recognize that the claim preclusion doctrine "is not rigidly applied when it would contravene an overriding public policy[,] result in manifest injustice," *Gibbs v. Gibbs*, 258 P.3d 221, 225 (Ariz. App. 2011) (citation modified), or fail to further the policies underlying claim preclusion, *Circle K Corp.*, 880 P.2d at 645.

As the Court observed in its Order, the two state court actions that gave rise to the application of the two-dismissal rule had barely crossed the threshold of what could be considered a civil action. Having been dismissed by Plaintiff only days after filing due to a "clerical error," each state court action ended before it substantively began. McDonald's and Block had not even known about those two state court actions until they began

---

[1] Arizona courts turn to the Restatement (Second) of Judgments for guidance regarding res judicata doctrine. *See Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. App. 2013) (quoting the Restatement in evaluating a dispute about claim preclusion).

litigating the instant action. While the two prior actions culminate in an "adjudication on the merits" under the strict application of the two-dismissal rule, it is plainly evident that those actions involved no litigation, harassment, or meaningful use of the court system that claim preclusion otherwise bars from reprise. Dismissal of the matter at bar because it meets the technical requirements of claim preclusion would bury the never-addressed merits of Plaintiff's claims for no reason beyond rote adherence to that doctrine. That would serve none of the policies underlying the claim preclusion doctrine and would result in a manifest injustice by blocking Plaintiff's access to the judicial system.

McDonald's argues that "claim preclusion's equitable underpinnings" do not create "a free-floating invitation to do simple justice," and cites *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). There, the Supreme Court reversed the Ninth Circuit's decision to spare a litigant from the effects of claim preclusion where that litigant's previously dismissed claims were later rendered cognizable by a successful appeal procured by other independent parties. *Id*. at 399. The Supreme Court "recognize[d] no general equitable doctrine . . . which countenances an exception to the finality of a party's failure to appeal merely because his rights are closely interwoven with those of another party." *Id*. at 400 (citation modified). It held that claim preclusion bars a litigant's collateral attack of an earlier adjudication no matter if it was based on erroneous conclusions or overturned principles of law. *Id*. at 399–401. The Court espoused "that public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Id*. at 401.

But the matter at bar is nothing like *Moitie*. Here, no litigation or contest was ever held between the parties before the instant action proceeded. There is no "second bite" of the proverbial apple that claim preclusion ordinarily seeks to prevent. The facts at hand constitute a rare occurrence in which the restrictive nature of claim preclusion must be tempered to avoid manifest injustice. *See id*. at 402–03 (Blackmun, J. and Marshall, J., concurring) ("I, for one, would not close the door upon the possibility that there are cases

in which the doctrine of res judicata must give way to . . . overriding concerns of public policy and simple justice.") (citation modified). The Court finds no error in declining to apply claim preclusion doctrine where such peril would evidently occur and the policy upon which claim preclusion stands is not served.

Having resolved the Motion for Reconsideration, Defendants' joint request for a stay pending that resolution is rendered moot. Defendants alternatively request an extension of time to file responsive pleadings and, good cause appearing, the Court will grant that request. Defendants shall each file a responsive pleading to Plaintiff's First Amended Complaint (Doc. 62) no later than March 20, 2026.

**IT IS ORDERED** denying Defendant McDonalds USA, LLC's Motion for Reconsideration (Doc. 63).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant Block Inc.'s Motion to Stay Responsive Pleading Deadline, or in the Alternative, For an Initial Extension of Time to File Responsive Pleading (First Request) (Doc. 64), with which Defendant McDonald's joined (Doc. 65). Defendants shall each file a responsive pleading to Plaintiff's First Amended Complaint no later than **March 20, 2026**.

Dated this 26th day of February, 2026.

Honorable John J. Tuchi
United States District Judge